UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| D&L FRAMING, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>CLARENDON AMERICA INSURANCE COMPANY,<br><br>    Defendants. | Case No.  2:05-CV-1307-RLH (GWF)<br><br>**ORDER**<br><br>(Motion ##'s: 40, 47, 56 & 60) |

This matter is before the Court on Plaintiff's Motion to Hold Defendant Clarendon America Insurance Company in Contempt of Court (#40), filed on July 17, 2006; Defendant's Opposition to Plaintiff's Motion to Hold Defendant in Contempt (#56), filed August 4, 2006; and Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Hold Defendant in Contempt (#60), filed August 14, 2006.  A hearing regarding the above motions was held before the Court on September 9, 2006.

### INTRODUCTION

Defendant provided the Court with copies of both the redacted and un-redacted insurance claims file for *in camera* review.  The Court has reviewed the motions and found that there are some insurance claim file documents that should be produced by Defendant.  Some of the documents the Court will order Defendant to produce are claimed by Defendant to be protected under the attorney-client privilege and others are simply not referenced in Defendant's privilege log;  as such the Court is unclear as to whether those documents have or have not been produced to Plaintiff and will thus order their production.  The severity of these omissions, however, does not rise to a level sufficient to impose sanctions upon Defendant, or to hold Defendant in contempt.

**DISCUSSION**

On June 22, 2006, Plaintiff filed a Motion to Compel Responses to Requests for Production (#31) claiming that Defendant had failed to produce relevant and non-privileged claim file documents. The Court heard this motion on an abbreviated schedule and entered an Order (#36) on July 3, 2006, requiring the Defendant to produce all non-privileged claim file documents by July 14, 2006. Defendant produced a privilege log to Plaintiff by the ordered deadline and supplied the actual documents by July 19, 2006. Plaintiff now brings the instant motion claiming that Defendant's delay in compliance with the Order, failure to produce certain documents and the over-broad redaction of the provided documents, are grounds for Defendant to be held in contempt and sanctioned by the Court. Plaintiff raises this argument pursuant to Fed. R. Civ. Pro. 37, which states that a party who does not comply with an order granting a motion to compel may be found in contempt of court and may be sanctioned for their actions.

Plaintiff first argues that Defendant's delay in producing the insurance claims file documents was in and of itself grounds for contempt. The Court disagrees. The five day delay in complying with the Order was not substantial and the Court, in its discretion, will not impose sanctions for this relatively brief delay. As Defendant points out in their opposition (#56), the Court did not explicitly state that the documents had to be in Plaintiff's hand on July 14, 2006, but that they be produced by that day. According to Defendant, the compelled documents were served by mail on July 14, 2006, in good faith belief that they were in keeping with the Court's Order.

Secondly, Plaintiff claims that Defendant produced a disclosure that was incomplete and missing particular documents listed in their privilege log. While this statement is on its face correct, the omitted documents were privileged attorney-client communications and as such not discoverable. While it might have been more helpful and clear to Plaintiff in establishing the nature of the unproduced documents if Defendant had provided fully redacted copies for Plaintiff to view, the privilege log more than illustrates the protected nature of these documents.

Third, Plaintiff argues that the documents that Defendant did produce were overly redacted and were not in keeping with the Court's Order. The Court has reviewed the redactions made by Defendant and compared those redactions to un-redacted copies of each document. With the

exception of certain documents discussed herein, the redactions that Defendant made are proper. On July 3, 2006 the Court stated that "Defendant's counsel shall review the documents previously withheld and may redact specific entries recording attorney-client communications between Defendant and its attorney(s), if any" (#36). This language in no way implies that Defendant can not redact wholly privileged documents, rather it gives guidance to Defendant that they must produce the portions of the insurance claim file that are not privileged. Since the insurance claim file is a collection of individual documents, these "entries" may be entire individual documents as well as text within documents. Furthermore, the Court's use of the phrase "if any" in its Order (#36) was not intended to imply that there would not be any redactions or privileged information in the claims file, or to imply that the number of privileged documents could not be large. Defendant's redaction of specific "entries" in the insurance claim file was in keeping with the Court's Order (#36).

Based on its *in camera* review, the Court finds that the following documents are not privileged communication or work product, which Defendant shall produce to Plaintiff : Bates Nos. 000005-000009, 000011, 000014, 000019, 000023-000025, 000032, 000033-000091, 000101, 000117-000128, 000130-000136, 000138-000142, 000165-000168, 000171-000174, 000179-000181, 000182-000183, 000186-000187, 000209-000241, 000244-000273, 000277-000366, 000375-000378, 000380-000383, 000403-000415.

*1.   Non-privileged documents claimed privileged by Defendant*

Bates Nos. 000005-000009, 000014, 000019, 000023 and 000025 are all documents pertaining to North American Risk Services' reserve summary. While reserve funds may or may not be considered relevant, the Court does not consider them privileged communication or attorney work product. *See generally, American Protection Ins. Co. v. Helm Concentrates, Inc.*, 140 F.R.D. 448 (E.D. Cal. 1991); *Lipton v. Superior Court*, 48 Cal. App. 4th 1599 (2d Dist. 1996); *La Salle Nat. Ins. Co. v. Executive Auto Leasing Co.*, 257 N.E.2d 508 (1st Dist 1970). Bates Nos. 000006, 000008, 000011 and 000024 all refer to North American Risk Services' fees in handling the underlying action and are not privileged. Bates No. 000032 is North American Risk Services' claim registration for the underlying action and is not privileged information. Bates No. 000101 appears

to be an interoffice log of communication pertaining to the underlying action, accordingly it is not privileged information.  Bates Nos. 000140-142 appear to be handwritten notes prepared by an adjuster in reference to the underlying action. These documents were not created in anticipation of the present litigation but in recording thoughts pertaining to the underlying action and are not privileged.

### 2. *Un-referenced, non-privileged documents*

Bates Nos. 000033-000091, 000117-000128, 000130-000136, 000138-000139, 000165-000168, 000171-000174, 000179-000181, 000182-000183, 000186-000187, 000209-000241, 000244-000273, 000277-000366, 000375-000378, 000380-000383, 000403-000416 are not referenced in Defendant's privilege log, and it is unclear to the Court whether any of these documents have been produced.  The Court has reviewed these documents and finds that they are all non-privileged communication and must be produced to Plaintiff.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Hold Defendant Clarendon America Insurance Company in Contempt of Court (#40) is **DENIED** in part and **GRANTED** in part, in conjunction with the preceding Order.  Defendant will have until September 25, 2006 within which to comply with this order and produce the ordered documents to Plaintiff.

DATED this 14th day of September, 2006.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE